## Montgomery's Administrator *vs* Miller.

ERROR TO THE NELSON CIRCUIT.

*Testamentary declarations. Nun cupative wills.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

The case stated.

THIS action of assumpsit was brought by Miller, to recover from the administrators of T. Montgomery, remu-

meration for services in nursing, attending, and waiting on the said Montgomery in his last illness. The services for about thirty days were proved, but there was no direct evidence of any agreement or understanding between the parties, that they should be remunerated. It appears however, that Montgomery was a batchelor, possessed of an estate worth about $15,000; that Miller, his nephew, went to his house some few days after he was taken sick, and remained there until his death, attending him as a nurse, faithfully and diligently, until about a week before his death, when he was taken to the house of a relation, where he died—Miller remaining to take care of his affairs. It was also proved that upon the suggestion of the approach of death, and of the propriety of making a will, Montgomery declined it; but afterwards, while at the house at which he died and about three or four days before his death, he said, in the presence of three persons, that "he wanted Isaac Miller, Jr. to have $500, for wait-"ing on him in his last illness; that he also wanted his "sister Deacon to have $1000, because she had not got "her share of his father's estate; and he wanted his sis-"ter, Mrs. Stattard, to have $2000 less than any of the ".rest of his brothers and sisters, and that, according to "his calculation, would be nothing; and he wished the "grave yard paled in, and he wanted all his just debts to "be paid; and he wanted Isaac Miller, Sr. and John "Montgomery to be his administrators."

The instructions given by the Court, plainly imply that these declarations constitute evidence of an agreement and promise to pay $500 for the plaintiff's services, and of an acknowledgment of indebtedness to that amount therefor, and of a promise to pay it after the death of the declarant, which would authorize a verdict of $500 for the plaintiff, on the ground of such acknowledgment and promise, and without regard to the real value of the services. The Court also left it entirely to the jury to determine whether these declarations were the acknowledgment of a debt.

*Purport of the instructions of the Circuit Court.*

Under these instructions, a verdict of $500 was found for the plaintiff, and a new trial having been refused, a judgment was rendered pursuant to the verdict, for the

*Verdict and judgment of Circuit Court.*

MONTGOMERY'S
ADM'RS.
*vs*
MILLER.

A recovery cannot be had in an action against an adm'r. upon the dying declarations of his intestate, which are of a legatory or testamentary character, which have not been established as a *nun cupative* will.

reversal of which the defendants prosecute this writ of error.

The verdict having been obviously founded solely upon the declaration of the decedent, and not upon any estimate which the jury made or could have made, of the value of the plaintiff's services; and it being moreover, manifest that those declarations were of a legatory or testamentary character, it is difficult to avoid the conclusion that to make them the sole basis of an action and recovery at law, when they had never been established as a *nun cupative* will, would be, in effect, to change the forum for the probate of wills; to dispense with the statutory requisites for the validity of *nun cupative* wills, and to introduce a new principle into the course and order of administration.

Though testamentary declaration may be evidence of a debt existing against the representatives, yet the mere bequest of money is not evidence of a contract or debt against the testator; nor tho' expressed to be for a particular service, should it be regarded as evidence of a previous contract to pay the amount of the legacy therefor. It may be evidence of an acknowledgment that the testator feels under *some* obligation, and show a motive for a bequest, but is not enforcible except as a bequest.

It is undoubtedly true that a man may acknowledge a debt in his dying moments, and that such acknowledgment, though found in his will, or in any testamentary declaration, may be used as evidence against his representatives, to establish the debt. But the mere bequest of money, though in a will regularly proved, is not evidence of a contract or debt against the testator. Nor although it were expressed to be for a particular service or favor rendered by the legatee, should it be regarded as the acknowledgment of a debt, or as evidence of a previous contract to pay the amount of the legacy for the service, or as constituting in itself, or creating such a contract. It is an acknowledgment of the service or favor referred to as constituting the motive or consideration of the bequest. It may be further regarded as an acknowledgment that the testator feels under some obligation to return the favor or remunerate the service : but gratitude, benevolence, social duty, or reciprocal kindness of feeling, either or all may constitute a sufficient motive or consideration for a bequest, and may be felt by the testator as imposing an obligation which, in the prospect of death and in directing the disposition of his estate after that event, he feels impelled to obey, and which may be, subsequently carried into effect as a part of his will, but is not otherwise enforcible either against himself or his representatives.

A written clause or verbal declaration importing the acknowledgment of a debt, and making provision for its payment, in the form of a bequest, though never admitted to record as a will, may be evidence of a legal obligation, not only against the representatives of the party making such acknowledgment, but even against the party himself, in an attempt to enforce the obligation before his death. But such clause or declaration, intended as a bequest, and referring merely to the attentions or kindness, or personal services of the legatee, as the inducement to the legacy, though it might, whether recorded as a will or not, be evidence of the fact acknowledged, would be no evidence either that there was any legal obligation, further than the fact acknowledged would create one, nor of the extent of that obligation, if it were otherwise established, but the efficacy of the bequest would depend solely upon its being established as a will. If Montgomery had recovered from his illness, surely this declaration, made in contemplation of death, and indicating a desire that after his death his nephew should have $500 out of his estate, for his kind attention and services during his illness, could not have been taken as an acknowledgment of a debt to that amount, or as a promise to pay that amount, so as to have fixed the criterion of recovery by that acknowledgment or promise, however disproportioned to the actual value of the consideration. And to give to it, as against Montgomery's administrators, an effect which it could not have had against Montgomery himself, would be virtually enforcing it as a will. If there could be a doubt whether the declarations in question were made in contemplation of death, and for the sole purpose of indicating the disposition which the declarant desired should be made of his estate after his death, these facts might properly be submitted to a jury for inquiry: but these facts being found or assumed, the constructive import and effect of the declarations themselves are matters of law, to be determined by the Court and not by the jury. Regarded as testamentary declarations, they do not import the acknowledgment of a debt of $500, nor constitute evidence of a previous agreement or promise to pay that sum for the services, nor prove

A written clause or verbal declaration, importing the acknowledgment of a debt, tho' never recorded as a will, may be evidence of a legal obligation against the party or his representatives, but such clause or declaration, intended only as a bequest and referring to kindness, as a motive therefor, tho' it may be evidence of the fact acknowledged, is no evidence of legal obligation farther than the fact acknowledged.

that their value was estimated at that sum by the declar-
ant. They import the intention or desire of the uncle to
make a gift to his nephew, for having waited on him in
his illness; and whatever might be their effect if there
were no other means of ascertaining the value of that
service, there being such means, their utmost influence
should be to authorize the jury to make a liberal compen-
sation, but not to make a gift to the plaintiff out of his
uncle's estate.

The instructions above noticed, being in conflict with
the principles of this opinion, the judgment is reversed
and the cause remanded for a new trial.

*Grigsby* for plaintiffs: *Hite* for defendant.

---

EJECTMENT.

Case 93.

*April* 29.

Case stated.